**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NICKOLAS DAVID CALLAWAY,** | ) | |
| **TDCJ #1245588,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0279-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging a conviction from Tarrant County, Texas.  He has submitted a motion

for leave to proceed *in forma pauperis*.

28 U.S.C. § 2241(d), which governs federal habeas corpus jurisdiction, provides in

pertinent part as follows:

Where an application for a writ of habeas corpus is made by a person in custody
under the judgment and sentence of a State court of a State which contains two or
more Federal judicial districts, the application may be filed in the district court for
the district wherein such person is in custody or in the district court for the district
within which the State court was held which convicted and sentenced him and
each of such district courts shall have concurrent jurisdiction to entertain the

application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *accord Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir.1991).

Petitioner was convicted and sentenced in Tarrant County, which is located in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2).  He is currently incarcerated at the Roach Unit of the Texas Department of Criminal Justice in Childress, Texas. The city of Childress is located in Childress County, which lies within the Amarillo Division of the Northern District of Texas.

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought.  *See* 28 U.S.C. § 1404.  If there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced.  *See Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D. Cal.1968) (noting that the legislative history of § 2241(d) counsels this result).

Because the conviction at issue in this case arose in the Fort Worth Division of the Northern District of Texas, the Court finds that this case should be transferred to that division for further proceedings.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court TRANSFER this

habeas corpus action to the Fort Worth Division of the Northern District of Texas for further proceedings.

A copy of this recommendation will be MAILED to Petitioner.

Signed this 20th day of February, 2007.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE



NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.